NOT DESIGNATED FOR PUBLICATION

No. 116,844

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST MARTINEZ,
*Appellant*.


MEMORANDUM OPINION


Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 3, 2017. Reversed and remanded with directions.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Michael C. Robinson*, special prosecutor, of Hutchinson, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., MCANANY and POWELL, JJ.


PER CURIAM: Ernest Martinez appeals the district court's denial of his motion to suppress. We find Martinez' argument persuasive. The officer lacked reasonable suspicion Martinez was operating his car under the influence of alcohol at the time he was ordered to get back in his car and, thus, was detained. We reverse and remand with directions.

1

On August 29, 2014, Officer Travis Lahann watched a car leave a parking area near a bar and began following it. The car's right turn signal was activated but the driver did not turn for more than two blocks. After traveling a total of three or four blocks, the car parked near another bar. Martinez, the driver, had already exited his car and begun walking toward the bar before Officer Lahann could initiate a traffic stop. Officer Lahann exited his car and ordered Martinez and his passenger to return to his car. He then approached Martinez' car to make contact with him.

Officer Lahann noticed an odor of consumed alcohol on Martinez' person. He also noted Martinez' eyes were bloodshot and watery and his speech was slightly slurred. Officer Lahann indicated Martinez told him he drank one 12-ounce beer approximately 30 minutes before the stop. Officer Lahann asked Martinez to perform field sobriety tests, but Martinez could not perform the tests due to back problems. Officer Lahann then asked Martinez to take a preliminary breath test (PBT). Martinez refused to submit to the PBT.

Martinez was arrested and charged with driving under the influence of alcohol (DUI). Prior to trial, Martinez filed a motion to suppress evidence, arguing Officer Lahann lacked reasonable suspicion to detain him. The district court held a hearing on Martinez' motion, denied it, and the case proceeded to jury trial. The jury convicted Martinez of DUI and the district court sentenced Martinez to 6 months' imprisonment, suspended to 12 months' probation.

On appeal, Martinez claims the district court erred in denying his motion to suppress evidence. He argues Officer Lahann lacked reasonable suspicion to order him back to his car and detain him to conduct a DUI investigation. The standard of review of a district court's decision on a motion to suppress applies a bifurcated standard. When reviewing a district court's ruling on a motion to suppress evidence, the factual underpinnings of that decision are reviewed for substantial competent evidence and the

ultimate legal conclusion is reviewed de novo. The State carries the burden to prove that a search and seizure was lawful. *State v. Cleverly*, 305 Kan. 598, 604-05, 385 P.3d 512 (2016).

Martinez' argument centers on whether the initial detention was lawful. Before we move to considering whether a search was lawful, we must consider whether the initial seizure was lawful. If the seizure was unlawful, it may taint the fruits of the subsequent search. *State v. Thompson*, 284 Kan. 763, 772, 166 P.3d 1015 (2007). A person is seized under the Fourth Amendment to the United States Constitution when he or she reasonably believes they are not free to decline an officer's request or otherwise terminate the encounter. See *Thompson*, 284 Kan. at 775. Here, no traffic stop had been initiated at the time Martinez exited his car; however, Officer Lahann ordered Martinez to return to his car before approaching him to begin his investigation. Martinez was detained when Officer Lahann ordered him to return to his car because a reasonable person in his position would not have felt free to leave or terminate the encounter. See *Thompson*, 284 Kan. at 775. The pertinent question is whether Officer Lahann had reasonable suspicion to detain Martinez at that time.

All seizures must be reasonable. An officer may briefly stop and detain an individual without a warrant when the officer has reasonable suspicion of criminal activity. *State v. DeMarco*, 263 Kan. 727, 735, 952 P.2d 1276 (1998). Reasonable suspicion requires a particularized and objective basis for suspecting the person stopped of criminal activity. *Ornelas v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996). Something more than an unparticularized suspicion or hunch is required. See *DeMarco*, 263 Kan. at 735. Officer Lahann detained Martinez on suspicion of DUI. Whether an officer has reasonable suspicion of DUI is based on a totality-of-the-circumstances analysis. In evaluating the totality of the circumstances, the reviewing court should consider both the factors suggesting intoxication and the factors suggesting sobriety. See *City of Wichita v. Molitor*, 301 Kan. 251, 266, 341 P.3d 1275 (2015).

The State points to three factors suggesting Martinez was intoxicated: (1) Officer Lahann observed Martinez' car leaving from a bar; (2) Martinez activated his turn signal but did not turn for at least two blocks; and (3) Martinez traveled to another bar. These factors do not provide reasonable suspicion of intoxication when viewed in the totality of the circumstances. Officer Lahann did not see Martinez leaving a bar; he saw Martinez backing out of a parking spot near a bar. Officer Lahann did not testify he saw Martinez actually in the bar, consuming alcohol, or leaving the bar itself. At best, there is a loose inference Martinez may have been at the bar but no indication he consumed alcohol or was impaired as a result thereof. With regard to Martinez leaving his turn signal on for several blocks, Officer Lahann stated it was not a traffic violation but could be an indicator of impairment *or* inattentive driving. Finally, Martinez traveling to another bar shows absolutely nothing as to his level of intoxication *at the time of the stop*. Whether Martinez might have subsequently consumed alcohol at the bar has no bearing whatsoever on whether he was under the influence of alcohol *while driving to it*.

The only objectively reasonable indicator of intoxication is the fact Martinez left his turn signal on for several blocks. However, this factor must be assessed in the totality of the circumstances, including circumstances suggesting sobriety. See *Molitor*, 301 Kan. at 266. Officer Lahann indicated he saw no other clues suggesting impaired driving. He did not notice Martinez turning too wide, driving excessively fast or slow, driving without his lights on, or making sudden movements with his car. There is no evidence Martinez had any other difficulty driving, nor did he have any difficulty exiting his car or walking toward the bar prior to Officer Lahann detaining him.

While he may have noted an odor of alcohol, bloodshot and watery eyes, and slightly slurred speech upon contact with Martinez, anything Officer Lahann observed after ordering Martinez to return to his car cannot be used to justify the initial detention. See *State v. Morris*, 276 Kan. 11, 25, 72 P.3d 570 (2003) (evidence found in search of an apartment after a traffic stop did not justify the traffic stop). Under the totality of the

4

circumstances, Officer Lahann did not have reasonable suspicion to detain Martinez for a DUI investigation; therefore, all evidence obtained as a result thereof should have been suppressed as fruits of an unlawful seizure. See *Morris*, 276 Kan. at 25-26.

Reversed and remanded with directions for the district court to grant Martinez' motion to suppress.